# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Carol Knaak, Wanda Firchau, and Kay Oliver, individually and on behalf of others similarly situated, | Court File No. _____ |
| Plaintiffs, | |
| v. | **COLLECTIVE AND CLASS ACTION COMPLAINT** **(JURY TRIAL DEMANDED)** |
| Armour-Eckrich Meats LLC, | |
| Defendant. | |

Plaintiffs Carol Knaak, Wanda Firchau, and Kay Oliver, individually and on behalf of others similarly situated, (collectively, "Plaintiffs") by their attorneys Nichols Kaster, PLLP and Sunde, Olson, Kircher and Zender, PLC, bring the following action for violation of the Fair Labor Standards Act, the Minnesota Fair Labor Standards Act, and other common law claims. Plaintiffs state the following against Defendant Armour-Eckrich Meats LLC:

## JURISDICTION AND VENUE

1.     This action arises under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"). Therefore, the Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein pursuant to 28 U.S.C. § 1331. The Court also has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over Plaintiffs' state law claims.

2.      Venue is proper because the unlawful practices described herein have been committed in the District of Minnesota, and many of the employment records relevant to these practices are, on information and belief, maintained and administered at Defendant's office in the District of Minnesota.

## PARTIES

3.      Defendant Armour-Eckrich Meats, LLC ("Armour" or "Defendant Armour") is a subdivision of John Morrell Food Group and produces a complete line of food proteins for human consumption.  Armour is a Delaware corporation headquartered in Lisle, Illinois.  It operates approximately seven food processing facilities nationwide, including a facility located at 820 11th Street North, City of St. James, County of Watonwan, State of Minnesota ("St. James facility").

4.      Plaintiffs Carol Knaak, Wanda Firchau, and Kay Oliver are individuals who are employed by Defendant Armour in St. James, Minnesota.

## FACTUAL ALLEGATIONS FOR ALL CLAIMS

5.      Plaintiffs and similarly situated individuals are employed, or have been employed within the past three years, at Armour, which specializes in the processing and preparation of meat proteins, including meatballs, deli meats, pepperoni, and salami for human consumption.  This work primarily involves the preparation, mixing, cooking, and packaging of meat proteins.

6.      Plaintiffs and similarly situated individuals are or were required to wear certain protective gear while performing their jobs.  The purpose of the gear is to prevent

particulates from contaminating the food products Armour manufactures.  The required gear includes a smock, boots, gloves, a hat, and a beard/face guard.

7.      Plaintiffs and similarly situated individuals are or were hourly employees who are or were required to clock-in prior to beginning their work shift.

8.      Plaintiffs and similarly situated individuals perform or have performed unpaid work at the start of their shifts and again before clocking back in after their meal breaks, including, but not limited to, donning the protective gear and waiting in line to clock into a time clock system.  Plaintiffs and similarly situated individuals also perform or have performed unpaid work at the end of their meal breaks and at the end of their work shifts, including, but not limited to, doffing the protective gear after clocking out.

9.      The amount of uncompensated time Plaintiffs and similarly situated individuals spend or have spent on work activities amounts to approximately 15 minutes per day per person.  Each person engages or has engaged in the same donning and doffing activities, and wears or has worn the same protective gear, on a daily basis.

10.     These unpaid work activities were, and continue to be, regularly and uniformly conducted on Armour's premises.

11.     These unpaid work activities were, and/or continue to be, required by, and solely for the benefit of, Armour.

12.     There was, and continues to be, little variance in the amount of uncompensated time spent by individuals to perform these activities and the task of recording the time spent on them does not pose a significant administrative burden to Armour.

13.     Plaintiffs and similarly situated individuals clock in at or near the beginning of their work day and before starting their meal break and clock out at or near the end of their work day and at the end of their meal break, but are paid based on the official start and stop times, which exclude work performed before and after official hours.

14.     However, if Plaintiffs or similarly situated individuals clock in or have clocked in after the official start time, or clock out or have clocked out before the official stop time, Plaintiffs and similarly situated individuals are or were paid based on when they clocked in or when they clocked out.  In other words, if Plaintiffs or other similarly situated individuals work or have worked *less* than their regularly scheduled shift, their pay is or was docked; however, if they work *more* than their regularly scheduled shift, they do not get paid more.

## CLASS ACTION ALLEGATIONS FOR MINNESOTA STATE CLAIMS

15.     Plaintiffs file this action on behalf of themselves and on behalf of all individuals similarly situated.  The proposed class is defined as follows: all individuals performing production, inspection, packaging, and maintenance work at Armour's St. James facility during any time within the past three years who are not exempt from the coverage of the Minnesota Fair Labor Standards Act, Minn. Stat. § 177.21 *et seq*.

16.     This action is maintainable as a class action under the Federal Rules of Civil Procedure, Rule 23 because the class is so numerous that joinder of all members is impracticable, there are questions of law or fact common to the class, the claims or defense of the representative parties are typical of the claims or defenses of the class, and the representative parties will fairy and adequately protect the interest of the class.

17.    This action is also properly maintainable as a class action under Federal Rule of Civil Procedure, Rule 23(b) because questions of law or facts common to members of the class predominate over any questions affecting only individual members, and because the class action is superior to other available methods for the fair and efficient adjudication of the controversy.

18.    The members of the class identified above are so numerous that joinder of all members is impracticable.  The exact number of the class is unknown, but may be determined from records maintained by Defendant Armour.  Upon information and belief, there are at least 500 employees currently working at the St. James facility who are members of the class.

19.    There are numerous and substantial questions of law and fact common to all of the members of the Class including, but not limited to, the following:

    a.   Whether Defendant Armour violated the overtime provision of the Minnesota Fair Labor Standards Act, Minn. Stat. § 177.25, by not paying Plaintiffs or class members for the time they spend/spent donning and doffing protective gear and waiting in line to clock into the time clock station;

    b.   Whether Defendant Armour's actions violated the recordkeeping requirements of the Minnesota Fair Labor Standards Act, Minn. Stat. § 177.30, by failing to make and keep records of the time Plaintiffs and class members spend/spent donning and doffing the protective gear and waiting in line to clock into the time clock station;

    c.   Whether the Defendant Armour's actions were willful;

    d.   Whether Defendant Armour's actions constitute breach of contract or unjust enrichment; and

     e.   Whether Defendant violated Minn. Stat. § 177.254 and Minnesota Rule 5200.0120 by failing to pay Plaintiffs and class members for meal periods requiring work duties as hours worked.

20.    Defendant Armour is expected to raise common defenses to this class action, including denial that their actions violated the law.

21.    The Named Plaintiffs will fairly and adequately protect the interests of the Class and they have retained counsel experienced and competent in the prosecution of complex litigation.

22.    The claims of the Named Plaintiffs, set forth under Counts I through VI of this Complaint, are typical of the claims of the Class.  The Named Plaintiffs have the same interest and suffer from the same injury as the class members.  Named Plaintiffs and the class they seek to represent are/were not paid for the time they spend/spent donning and doffing protective gear and waiting in line to clock into the time clock station.

23.    Upon information and belief, no other member of the class has an interest in individually controlling the prosecution of his/her claims, especially in light of the relatively small value of each claim and the difficulties involved in bringing individual litigation against one's employer.  However, if any such class member should become known, he or she may "opt out" of this action upon receipt of the class action notice pursuant to the Federal Rules of Civil Procedure, Rule 23(c)(2)(B).

24.    Plaintiffs are unaware of any other litigation concerning this controversy commenced by or for other class members.

25.     Litigation should be concentrated in this forum because the class members are or were employed at Defendant Armour's St. James facility, which is located within this forum.

26.     The Court has the resources and ability to effectively manage this class action.

## COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

27.     Plaintiffs and similarly situated individuals re-allege and incorporate all of the above paragraphs as though fully stated herein.

28.     Plaintiffs and similarly situated individuals are similarly situated within the meaning of the FLSA, 29 U.S.C. § 216(b).

29.     Plaintiffs and similarly situated individuals have given their consent to become parties to this lawsuit against Defendant Armour as required by 29 U.S.C. § 216(b). (*See* Exhibit A, attached.)

30.     Plaintiffs and similarly situated individuals are employed, or have been employed, by Defendant Armour during the past three (3) years in an enterprise engaged in commerce and in the production of goods for commerce, as these terms are used in §§ 206 and 207 of the FLSA, 29 U.S.C §§ 206-07.

31.     The FLSA, 29 U.S.C. § 206, requires employers to pay employees a minimum wage for all hours worked.  § 207 further requires employers to pay employees one and one-half times their regular rate of compensation for all hours worked over forty hours per workweek.

32.     § 216(b) of the FLSA makes employers who violate §§ 206 and 207 liable to the affected employees in the amount of the employees' unpaid wages, liquidated damages, costs, and attorney's fees.

33.     Defendant Armour has violated the overtime wage requirements of the FLSA by regularly and repeatedly failing to compensate Plaintiffs and similarly situated individuals for their time spent on the work activities described in this Complaint.

34.     Defendant Armour knew, or showed reckless disregard for, the fact that it violated the FLSA by failing to pay Plaintiffs and similarly situated individuals either minimum wages or overtime wages for the work activities described in this Complaint.

35.     These violations occurred within the statutory period prescribed by 29 U.S.C. § 255(a).

36.     Plaintiffs and similarly situated individuals suffered damages as a result of Defendant Armour's violations of the FLSA.

## COUNT II

**VIOLATION OF THE MINNESOTA FAIR LABOR STANDARDS ACT
OVERTIME PAY REQUIREMENT**

37.     Plaintiffs and class members re-allege and incorporate all of the above paragraphs as though fully stated herein.

38.     Plaintiffs are members of a class that meets the requirements set forth in the Federal Rules of Civil Procedure, Rule 23 for certification and maintenance of a class action.

39.     The Minnesota FLSA, Minn. Stat. § 177.25, requires employers to pay overtime for all hours worked in excess of forty-eight (48) per week.  Section 177.27 makes employers who violate section 177.25 liable to the affected employees in the amount of unpaid wages, costs, attorney fees, and other appropriate relief under the law.

40.     Defendant Armour, Plaintiffs, and class members are "employer" and "employees" for purposes of the Minnesota FLSA.

41.     Defendant Armour has violated the Minnesota FLSA by regularly and repeatedly failing to compensate Plaintiffs and class members for the time spent on the work activities described in this complaint.

42.     Defendant Armour knew, or showed reckless disregard for, the fact that it violated the Minnesota FLSA by failing to pay Plaintiffs and class members for the work activities described in this complaint.

43.     These violations occurred within the statutory period prescribed by Minn. Stat. § 541.07.

## COUNT III

### VIOLATION OF THE MINNESOTA FAIR LABOR STANDARDS ACT RECORD KEEPING REQUIREMENT

44.     Plaintiffs and class members re-allege the foregoing paragraphs of the complaint as though fully stated herein.

45.     Minn. Stat. § 177.30 requires employers subject to the Minnesota FLSA to make and keep a record of the hours worked each day and each work week by their employees.  Employers who violate this section may be subject to a fine of $1,000.00 per

violation and may also be subject to the penalties listed under Minn. Stat. § 177.32, subd.

1.

46.     Defendant Armour has violated Minn. Stat. § 177.30 by failing to make and keep records of the time Plaintiffs and class members spend/spent donning and doffing the protective gear.

47.     Plaintiffs and class members suffer or have suffered damages as a result of Defendant Armour's violations of Minn. Stat. § 177.30.

**COUNT IV**

**BREACH OF CONTRACT**

48.     Plaintiffs and class members re-allege and incorporate all of the above paragraphs as though fully stated herein.

49.     Defendant Armour has entered into an employment contract, express or implied, with Plaintiffs and class members, under which Plaintiffs and class members were to be paid for the work performed for the benefit of Defendant Armour.

50.     Defendant Armour has breached this contract.

51.     As a result, Plaintiffs and class members have suffered economic damages.

**COUNT V**

**UNJUST ENRICHMENT / QUANTUM MERUIT**

52.     Plaintiffs and class members re-allege and incorporate all of the above paragraphs as though fully stated herein.

53.     The performance of donning and doffing activities conveys a benefit to Defendant Armour, which it has knowingly received.

54.     Defendant Armour is not entitled to this benefit, and retaining it without paying for it would be unjust to Plaintiffs and class members.

55.     Consequently, Plaintiffs and class members are entitled to recover the reasonable value of the benefit conveyed to Defendant Armour by the performance of the donning and doffing activities.

## COUNT VI

### VIOLATION OF MINNESOTA STATUTE § 177.254 AND MINNESOTA RULE 5200.0120

56.     Plaintiffs and class members re-allege and incorporate all of the above paragraphs as though fully stated herein.

57.     Minn. Stat. § 177.254 requires employers subject to the Minnesota FLSA to provide each employee who is working for eight or more consecutive hours sufficient time to eat a meal.

58.     If the meal period is interrupted by calls to duty, the employee is not relieved of all duties, and the meal period must be considered as hours worked.

59.     Defendant Armour has violated Minn. Stat. § 177.254 and Minnesota Rule 5200.0120 by failing to pay Plaintiffs and class members for meal periods requiring work duties as hours worked and by unlawfully deducting 30 minutes for the daily meal period despite Plaintiffs and class members performance of work duties during the deducted 30 minute period of time.

60.     Plaintiffs and class members suffer or have suffered damages as a result of Defendant Armour's violations of Minn. Stat. § 177.254 and Minn. R. 5200.0120.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of the class, pray for relief as follows:

1.      Judgment against Defendant Armour for an amount equal to Plaintiffs' and similarly situated individuals' unpaid wages at the applicable minimum wage or overtime rate;

2.      An equal amount to the unpaid wages as liquidated damages;

3.      An award of prejudgment interest (to the extent liquidated damages are not awarded);

4.      Leave to add additional plaintiffs by the filing of written consent forms, or any other method approved by the Court;

5.      All legal and equitable relief available under the Minnesota FLSA, Minn. Stat. § 177.21 *et seq*.;

6.      Compensatory damages;

7.      The reasonable value of the services performed for, or the benefit conveyed to, Defendant Armour as described in this Complaint;

8.      Costs and attorney fees to the extent allowed by law; and

9.      Such further relief as the Court deems equitable and just.

Dated: <u>April 9, 2013</u>                    **NICHOLS KASTER, PLLP**


                                       By <u>s/ David E. Schlesinger</u>
                                       James H. Kaster #53946
                                               kaster@nka.com
                                       David E. Schlesinger #387009
                                               schlesinger@nka.com
                                       4600 IDS Center
                                       80 South Eighth Street
                                       Minneapolis, Minnesota 55402
                                       Telephone: 612-256-3200
                                       Facsimile: 612-338-4878

                                       **SUNDE, OLSON, KIRCHER AND ZENDER, PLC**

                                       Steven R. Sunde # 107268
                                               ssunde@ccinternet.net
                                       108 Armstrong Blvd. South
                                       P.O. Box 506
                                       St. James, Minnesota 56081
                                       Telephone: 507-375-3352
                                       Facsimile: 507-375-4483

                                       ATTORNEYS FOR PLAINTIFFS