# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Carol Knaak, Wanda Firchau, and Kay Oliver, individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>Armour-Eckrich Meats LLC,<br><br>Defendant. | Civil No. 13-829 (JRT/AJB)<br><br>**REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS** |

James H. Kaster and David E. Schlesinger, Nichols Kaster, PLLP, 80 S 8th Street, Suite 4600, Minneapolis, MN 55402-2242 and Steven R. Sunde, Sunde, Olson, Kircher & Zender, PLC, PO Box 506, Saint James, MN 56081, for Plaintiffs.

D. Christopher Lauderdale, Jackson Lewis LLP, 55 Beattie Place, Suite 800, Greenville, SC 29601 and David J. Duddleston, Jackson Lewis LLP, 225 S 6th Street, Suite 3850, Minneapolis, MN 55402 and Eric R. Magnus and L. Dale Owens, Jackson Lewis LLP, 1155 Peachtree Street NE, Suite 1000, Atlanta, GA 30309, for Defendant.

This matter is before the Court, United States Chief Magistrate Judge Arthur J. Boylan, on Defendant's Motion to Dismiss Count IV of Plaintiffs' First Amended Collective and Class Action Complaint. (Docket No. 14.) The matter has been referred to the magistrate judge for report and recommendation to the district court under 28 U.S.C. § 636 and Local Rule 72.1(b). A hearing was held on the motion on August 9, 2013 at the U.S. Courthouse, 300 South Fourth Street, Minneapolis, Minnesota. David Schlesinger appeared on behalf of Plaintiffs. Dale Owens appeared on behalf of Defendant.

In the First Amended Complaint, Plaintiff alleges the following causes of action: (1) violation of the Fair Labor Standards Act (Count I); (2) violation of the Minnesota Fair Labor Standards Act overtime pay requirement (Count II); (3) violation of the Minnesota Fair Labor

Standards Act record keeping requirement (Count III); (4) breach of contract (Count IV); (5) unjust enrichment / quantum meruit (Count V); and (6) violation of Minnesota Statute § 177.254 and Minnesota Rule 5200.0120 (Count VI). (Docket No. 13.) Defendant moves to dismiss Count IV pursuant to Rule 12(b)(6), based on Plaintiffs' alleged failure to plead sufficient facts to state a claim for relief as to the breach of contract claim. For the reasons discussed below, the Court recommends that Defendant's Motion to Dismiss Count IV of Plaintiffs' First Amended Collective and Class Action Complaint be denied because the Plaintiffs have asserted enough facts to state a plausible claim for relief.

## BACKGROUND

**I.     Parties**

Plaintiffs Carol Knaak, Wanda Firchau, and Kay Oliver ("Plaintiffs") are employed by Defendant Armour in St. James, Minnesota. (Docket No. 13, First Amended Complaint ("Compl.") ¶ 4.)

Defendant Armour-Eckrich Meats, LLC ("Armour" or "Defendant") is a limited liability company that specializes in the processing and preparation of meat proteins. It operates a food processing facility in St. James, Minnesota. (Docket No. 10, Corporate Disclosure Statement; Compl. ¶¶ 3 and 4.)

**II.    Facts and Plaintiffs' Claims**

On May 10, 2013, Plaintiffs filed their First Amended Complaint against Defendant. (*See* Docket No. 13, Compl.) Plaintiffs are individuals who are, or have been, hourly employees within the past three years at Armour. Plaintiffs' work consists of preparing, mixing, cooking, and packaging meat products. (Compl. ¶¶ 5 and 7.) Plaintiffs are required to wear smocks, boots, gloves, a hat, and a beard/face guard. (*Id*. at ¶ 6.) The purpose of the gear is to prevent

particulates from contaminating the food products Armour manufactures.  (*Id.*)  Defendant requires its employees to clock in to work after putting on ("donning") the required items.  Defendant also requires its employees to clock out of work before taking off ("doffing") the required items.  (*Id*. at ¶ 10.)

Plaintiffs allege that on numerous occasions Defendant represented to Plaintiffs that it would pay them a certain hourly rate for all hours worked.  (Compl. ¶ 8.)  Plaintiffs claim that they accepted Defendant's promise to pay them for all hours worked by continuing to report to work and perform their job duties.  (*Id*. at ¶ 9.)

Plaintiffs allege that they perform or have performed unpaid work at (1) the start of their shifts; (2) before clocking back in after their meal breaks; and (3) and at the end of their work shift, including, but not limited to, donning and doffing the required items.  (Compl. ¶ 10.)  The estimated time spent on uncompensated work activities amounts to approximately fifteen (15) minutes per day per person.  (*Id*. at ¶ 11.)  Plaintiffs also allege that they have worked over 48 hours per week without being compensated at one-and-one half times their regular rate of pay for time spent performing the work described above.  (Compl. ¶ 12.)

Plaintiffs allege that Defendant "has entered into an employment contract, express or implied, with Plaintiffs . . . under which Plaintiffs . . . were to be paid at a certain hourly rate for the work they performed . . ., and that it would compensate Plaintiffs . . . at one-and-one-half times their regular rate of pay for any hours worked in excess of 40 hours per week."  (Compl. ¶ 55.)  Defendant made this promise, or offer, on numerous occasions, including on or around Plaintiffs' respective dates of hire.  (*Id*. at ¶ 56.)  Plaintiffs accepted Defendant's offer to compensate them at a certain hourly rate for all work performed.  (*Id*. at ¶ 57.)

Plaintiffs allege that Defendant breached its contract when it failed to pay Plaintiffs for time they spend/spent donning and doffing the required protective gear and when it failed to pay Plaintiffs and similarly situated individuals at one-and-one-half times their regular rate of pay for time worked in excess of 40 hours per week, resulting in Plaintiffs suffering economic damages. (Compl. ¶¶ 58 and 59.)

## DISCUSSION

### I. Standard of Review

In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "the court views the pleadings in the light most favorable to the nonmoving party and treats the alleged facts as true." *Longaker v. Boston Scientific* Corp., 872 F. Supp. 2d 816, 819 (D. Minn. 2012). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "To satisfy the standard of facial plausibility, a claim must plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint does not need to contain "detailed factual allegations." *Id*. (quoting *Twombly*, 550 U.S at 555). "When there are well-placed factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. at 679.

### II. Analysis

The Court must decide if Plaintiffs have adequately alleged their breach of contract claim. Under Minnesota law, a claim of breach of contract requires proof of four elements: (1)

formation of the contract; (2) performance of conditions precedent by the plaintiffs; (3) a material breach of the contract by the defendant; and (4) damages. *Parkhill v. Minn. Mut. Life Ins. Co.*, 174 F. Supp. 2d 951, 961 (D. Minn. 2000) (citing *Briggs Trans. Co. v. Ranzenberger*, 217 N.W.2d 198, 200 (Minn. 1970)).

### A. Formation of the Contract

Defendant argues that Plaintiffs have not pleaded sufficient facts alleging specific terms of the offer and formation of the contract. It also argues that Plaintiffs' general allegation that some contractual relationship was formed is insufficient.

Plaintiffs' allegations include that: (1) Defendant promised to pay them for all hours worked; (2) the promises were made on numerous occasions, including on or around the Plaintiffs' respective dates of hire; (3) they accepted the offer through continued employment; (4) they therefore entered into an employment contract with Defendant under which they were to be paid for all time worked; (5) Defendant failed to pay them for time spent donning and doffing the protective gear; (6) donning and doffing is a requirement for performing their duties; and (7) Defendant failed to pay one-and-one-half times the regular rate for overtime hours worked. (Compl. ¶¶ 6, 8, and 10.)

Although Plaintiffs' allegations may not be "as specific as they could be," Plaintiffs "need not prove each of the elements of the claim." *Chambers v. Travelers Cos., Inc.*, Civ. No. 08-5947, 2009 WL 873124 at *5 (D. Minn. Mar. 30, 2009). Plaintiffs' "allegations are taken as true and all reasonable inferences to be drawn regarding those allegations are construed in [their] favor at this stage of the proceedings." *Id.* (rejecting defendant's argument that to sufficiently plead a breach of contract claim, it is necessary that a plaintiff specifically state the manner in which the contract was formed and the terms of the agreement) (citing *Morton v. Becker*, 793

5

F.2d 185, 187 (8th Cir. 1986)). In *Chambers*, the plaintiff alleged that she had a contract of employment, that under the contract she earned bonus compensation, and that the defendant breached the contract by failing to pay her a bonus. *Id.* The court inferred from the plaintiff's allegations that during her employment with defendant, a contract was formed and that one of the terms of that agreement included the promise of compensation, including a bonus for the work she did, and found that the plaintiff's allegations were sufficient to survive a motion to dismiss. *Id.*

Here, Plaintiffs alleged that Defendant promised to them that they would be paid a certain hourly rate for all hours worked and that such promises were made on many occasions, including on or around the respective dates of hire. These are sufficient allegations regarding an offer. Although Defendant argues that Plaintiffs' allegations regarding the offer are insufficient because they do not include the specific identity of the promisor or the exact date of promise, such detail goes beyond the level of specificity required by Rule 8 and the *Iqbal/Twombly* standard. As is mentioned above, the complaint does not need to contain "detailed factual allegations." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S at 555). Plaintiffs also alleged that they accepted Defendant's offer to compensate them at a certain hourly rate for all work performed by continued reporting to work and performing their job duties. An employee's continued employment after an offer of a unilateral contract may constitute acceptance of the offer. *See Lewis v. Equitable Life Assur. Soc.*, 389 N.W.2d 876, 883 (Minn. 1986). The Court concludes that Plaintiffs have pleaded sufficient facts regarding formation of the contract to state a claim for relief that is plausible on its face that a contract was formed. *See Twombly*, 550 U.S. at 554.

### B. Other Elements of a Breach of Contract Claim

Defendant's motion focused on whether Plaintiff had sufficiently pleaded offer and formation of a contract; Defendant did not argue that Plaintiffs fail to sufficiently allege the remaining three elements for a breach of contract claim: performance of conditions precedent by the Plaintiffs; material breach of the contract by the Defendant; and damages. The Court finds that Plaintiffs' allegations that Defendant failed to pay them for work performed, including time spent donning and doffing, states sufficient allegations of material breach. Plaintiffs have also sufficiently alleged damages.

### CONCLUSION

This Court recommends that Defendant's motion to dismiss Count IV be denied. In viewing the alleged facts in the light most favorable to the Plaintiffs, this Court finds that Plaintiffs have pleaded sufficient facts to state a claim that plausibly gives rise to an entitlement of relief.

Based upon the record, memoranda, and oral arguments of counsel, **IT IS HEREBY RECOMMENDED** that Defendant's Motion to Dismiss (Docket No. 14) be **DENIED**.

Dated:  October 18, 2013             s/ Arthur J. Boylan
                                                            Chief Magistrate Judge Arthur J. Boylan
                                                            United States District Court

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court on or before  November 1 , 2013.