UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Carol Knaak, Wanda Firchau,
and Kay Oliver, et al.,

Court File No. 13-CV-00829 (JRT/JJK)

      Plaintiffs,

v,

Armour-Eckrich Meats LLC,

      Defendant.

## JOINT STIPULATION OF SETTLEMENT AND RELEASE

WHEREAS on April 9, 2013, Plaintiffs Carol Knaak, Wanda Firchau and Kay Oliver (the "Named Plaintiffs") filed the above pending captioned civil action in the United States District Court for the District of Minnesota against Defendant Armour-Eckrich Meats LLC ("Defendant"), on behalf of themselves and other similarly-situated current and former employees of Defendant (the "Lawsuit");

WHEREAS, in the Complaint (as amended), the Named Plaintiffs assert, on behalf of themselves and a proposed class of employees, claims for allegedly unpaid overtime under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and the Minnesota Fair Labor Standards Act , Minn. Stat. § 177.21 et seq. (the "MFLSA"), claims alleging failure to maintain records required by the MFLSA, claims alleging breach of contract and unjust enrichment/quantum meruit, and claims alleging violation of Minnesota Statute § 117.254 and Minnesota Rule 5200.0120;

1



WHEREAS, the Parties conducted a settlement conference in Minneapolis, Minnesota on May 28, 2014 to discuss a possible resolution of this matter;

WHEREAS, at the settlement conference, the Parties agreed in principle to the terms of a settlement of the Lawsuit;

WHEREAS, it is the desire of all Parties to fully, finally, and forever memorialize, settle, compromise, and discharge all disputes and claims that have been brought in the Lawsuit or that reasonably arise out of the facts alleged in the Lawsuit;

NOW, THEREFORE, in consideration of the mutual covenants, promises and warranties set forth herein, the Parties agree, subject to the Court's approval, as follows:

1. This Joint Stipulation of Settlement and Release (hereinafter "Settlement Agreement") is made and entered into by and between the Named Plaintiffs, individually and on behalf of themselves and the Settlement Class (collectively, "Plaintiffs") and Defendant and sets forth the terms and conditions of the settlement of the Lawsuit (the "Settlement"). This Settlement is subject to the approval of the Court.

2. The Settlement Class (including the Named Plaintiffs) and Defendant herein are collectively referred to as "the Parties," "Class Counsel" refers to Nichols Kaster, PLLP, and "Defendant's Counsel" refers to Jackson Lewis P.C.

3. **Settlement Class.** The "Settlement Class" is defined as all current and former hourly employees at Defendant's St. James, Minnesota facility who are or were paid on an

hourly basis and who are or were required to wear sanitary clothing or protective gear (*i.e.,* the position description stated in the Order entered January 8, 2014, Docket No. 61), including persons employed in such job categories during the Class Period defined below. Positions within that description are referred to herein as "Qualifying Positions." "Class Member" is defined as each individual that is part of the Settlement Class. If there is any dispute regarding whether any employee regularly worked in a Qualifying Position during the relevant time period, the individual employment and payroll records maintained by Defendant as to that employee will be presumed accurate absent clear and convincing evidence to the contrary. As explained below, the Parties will seek Rule 23 certification of the Settlement Class for settlement purposes only.

4. **Class Period.** The "Class Period" is defined for each Class Member as the period during which the Class Member was employed at Defendant's St. James, Minnesota facility in a Qualifying Position in from April 9, 2010 until the earlier of (i) the Class Member's termination date, or (ii) the date the Court preliminarily approves the settlement.

### NO ADMISSION

5. Nothing contained herein, nor the consummation of this Settlement Agreement, is to be construed or deemed an admission of liability, culpability, negligence, or wrongdoing on the part of Defendant. Each of the Parties hereto has entered into this Settlement Agreement with the intention to avoid further disputes and litigation with

the attendant inconvenience and expenses.  In particular, and without limiting the generality of the foregoing, nothing in this Settlement shall be offered or construed as an admission of liability, wrongdoing, impropriety, responsibility or fault whatsoever by Defendant or their employees and agents, who expressly deny any liability, wrongdoing, impropriety, responsibility or fault whatsoever.

6.  In addition, and also without limiting the generality of the foregoing, nothing about this Settlement shall be offered or construed as an admission or evidence of the propriety or feasibility of certifying a class in the litigation or any other action for adversarial, rather than settlement, purposes.  While Defendant has agreed that class certification is appropriate for settlement purposes, this stipulation is for settlement purposes only and Defendant maintains that class certification would be inappropriate if the Parties were to continue litigating the case.  If the Settlement Agreement is not finally approved by the Court, Defendant's stipulation to certification of the above classes for settlement purposes only shall be null and void and may not be used or relied upon by Plaintiffs, Class Counsel, or any Class Member for any purposes.

## INVESTIGATION AND APPROVAL BY CLASS COUNSEL AND DEFENSE COUNSEL

7.  Class Counsel and Defendant's Counsel, respectively, have conducted extensive discovery and investigated the facts relating to the claims alleged, and have made a thorough study of the legal principles applicable to the claims asserted against Defendant.  Class Counsel have conducted a thorough investigation into the facts

4

relevant to the various claims, including an extensive review of voluminous documents and data produced to Plaintiffs, and have diligently pursued investigation and prosecution of Class Members' claims against Defendant.  Class Counsel expressly acknowledge that there are differences and disputes, stated and unstated, between the Parties as to various discovery matters.  Class Counsel have exercised their independent judgment and have determined that this Settlement is proper as stated herein after fully taking into account any risk, uncertainty, or unresolved issues relating to discovery or the completeness of their investigation, uncertainty as to facts and circumstances, risk of significant delay, risk of loss or limited recovery, and the defenses asserted by Defendant.  Based upon Class Counsel's investigation, legal evaluation, and taking into account the sharply contested legal and factual issues involved, the decisions that have been issued in this lawsuit, as well as Class Counsel's assessment of the uncertainties of complex litigation and the relative benefits conferred upon the Class Members pursuant to this Settlement Agreement, Class Counsel have concluded that a settlement with Defendant on the terms set forth in this Settlement Agreement is fair, reasonable, adequate, and in the best interests of Class Members.  In making these determinations, Class Counsel and Plaintiffs have not relied and do not rely on any assurance of Defendant or Defendant's Counsel that is not expressly stated herein.  Defendant and Defendant's Counsel also agree the Settlement as stated in this Settlement Agreement is reasonable and fair.

8. The Parties agree to cooperate and take all steps necessary and appropriate to obtain preliminary and final approval of this Settlement and to dismiss the Lawsuit with prejudice upon complete performance of the terms and conditions of the Settlement.

**SETTLEMENT AMOUNTS AND ALLOCATION**

9. Defendant agrees to pay $350,000.00 (Three Hundred and Fifty Dollars and No Cents), inclusive of attorneys' fees, expenses/costs, and Enhancement Awards to the Named Plaintiffs, to settle the Lawsuit. This sum shall be referred to herein as the "Settlement Fund." Except as specifically set forth in this Settlement Agreement, under no circumstances shall Defendant be required to pay more than the Settlement Fund under this Settlement Agreement. Defendant shall not be required to set aside, deposit or transfer any funds until after the Settlement Effective Date as defined below.

10. **Settlement Effective Date.** The Settlement embodied in this Settlement Agreement shall become effective on the "Settlement Effective Date," which is defined as the later of: (1) the date when the time for appeal of the Court's final approval of this Settlement Agreement has expired; or (2) the date of the final resolution of any appeal or other judicial review of the Settlement if an appeal has been filed and not dismissed.

11. **Payments Out of the Settlement Fund.**

6

a.  **Administration of Settlement.** Class Counsel will administer the Settlement and bear the costs of doing so.

b.  **Net Settlement Fund.** The Net Settlement Fund is defined as the Settlement Fund less any Enhancement Awards to the Named Plaintiffs, less the Contingency Fund defined below, and less the attorneys' fees and expenses/costs awarded by the Court and paid to Class Counsel.

c.  **Determination of Each Class Member's *Pro Rata* Share of the Net Settlement Fund:** The Net Settlement Fund shall be allocated among all Class Members, regardless of whether that Class Member returned a Claim Form; only putative Class Members who are excluded from the Settlement Class as provided herein shall be excluded from the allocation.  Class Counsel shall determine the *pro rata* share of the Net Settlement Fund that will be made available to each Class Member as described herein, and shall be solely responsible for the accuracy of allocation and calculation. The amount of $2,500.00 (Two Thousand, Five Hundred Dollars and no Cents) shall be designated a Contingency Fund and shall be reserved to be used to correct good faith administrative errors or other issues that may arise in allocating the Net Settlement Fund. This Settlement Agreement shall be binding regardless of any dispute or error relating to allocations or calculations. Each Class Member's *pro rata* share of the Net Settlement Fund will calculated based upon their estimated alleged FLSA damages (if they filed a consent form

7

during the litigation) and their Rule 23 Minnesota FLSA damages (whether or not they filed a consent form), subject to a minimum pro rata share of $50.00 (Fifty Dollars and No Cents). The Parties agree this is a fair and efficient method of calculating each Class Member's *pro rata* share of the Net Settlement Fund.

d. All *pro rata* Settlement shares shall be based on the payroll and swipe records for Class Members made available by Defendant. There is a rebuttable presumption that Defendant's personnel files and payroll records are correct, but the Class Members will have the opportunity, should they disagree with Defendant's records, to provide documentation and/or an explanation to show a contrary number of weeks worked. In the event of any such disagreement, Class Members must present this information to Court prior to the date of the fairness hearing for resolution.

e. **Attorneys' Fees and Expenses/Costs:** Class Counsel will apply to the Court (and Defendant will not oppose) for payment from the Settlement Fund of no more than $116,666.67 (One Hundred and Sixteen Thousand, Six Hundred and Sixty-Six Dollars and Sixty-Seven Cents) in attorneys' fees, which amounts to a total of approximately 33 1/3 % percent of the Settlement Fund, and litigation expenses/costs of approximately $13,000.00 (Thirteen Thousand Dollars and No Cents). The total attorneys' fees and expenses/costs actually paid from the Settlement Fund will be as approved by the Court in its Final

8

Order. The enforceability of this Settlement Agreement is not contingent on the amount of attorneys' fees or expenses/costs awarded. Without limiting the generality of the foregoing, any dispute regarding the amount of attorneys' fees or expenses/costs, and/or any appeal related thereto, shall not affect or delay the finality of this Settlement Agreement. Plaintiffs and Class Counsel shall not be entitled to any attorney's fees, expenses, or expenses/costs in addition to those awarded by the Court pursuant to this Settlement Agreement.

f. **Enhancement Award to Three Named Plaintiffs:** Class Counsel will apply to the Court (and Defendant will not oppose) for a payment from the Settlement Fund of $500.00 (Five Hundred Dollars and No Cents) to each of the three Named Plaintiffs in recognition of her role and participation as Named Plaintiffs and the release of her claims. These amounts shall be in addition to their shares from the Net Settlement Fund. The enforceability of this Settlement Agreement is not contingent on the amount of any Enhancement Award that is granted by the Court. In further consideration of the Enhancement Award, the three Named Plaintiffs shall execute a general release of all claims.

g. **Tax Allocations:** The Settlement funds paid to each Class Member, not including any enhancements paid to the Named Plaintiffs, shall be allocated as follows: (1) 50 percent of the total payment to each Class Member shall be allocated to wage claims; and (2) 50 percent of the total payment to each Class

9

Member shall be allocated to all non-wage claims, including liquidated damages, interest and other applicable statutory penalties. The wage portion shall be subject to deductions as required by law. The non-wage portion shall be paid without deductions, but a Form 1099 will be issued as required by law. All employer-paid and due taxes on the wage portions of this Settlement shall be paid by Defendant, and said taxes are in addition to the Settlement Fund.

h.  **Tax Reporting:** Defendant shall provide to Class Counsel, who will in turn provide to each Class Member receiving a payment from the Settlement fund an IRS Form W-2 (for wages) and an IRS Form 1099 (for non-wages). Defendant shall provide the Named Plaintiffs an IRS Form 1099 for any Enhancement Awards received. Defendant will provide Class Counsel with an IRS Form 1099 for the attorneys' fees awarded to Class Counsel.

i.  None of the Settlement Fund will revert to Defendant. Unclaimed amounts shall be distributed as provided in paragraphs 24, 34 and 35 below.

### DUTIES OF THE PARTIES PRIOR TO COURT APPROVAL

12. Promptly upon execution of this Settlement Agreement, the Parties shall apply to the Court for the entry of an Order:

a.  Preliminarily approving the Settlement;

10

b. Certifying the FLSA and Rule 23 classes for purposes of the notice and claims process and determining whether the terms of this Settlement are fair;

c. Certifying Named Plaintiff Carol Knaak as a representative Plaintiff under 29 U.S.C. § 216(b) and as class representative under Fed. R. Civ. P. 23, for purposes of settlement only;

d. Approving as to form and content the proposed Notice attached hereto as Exhibit 1;

e. Directing the mailing of the Notice by Class Counsel, by first class mail, to the Class Members; and

f. Scheduling a fairness hearing (the Final Approval Hearing) following the close of the claims period at which final approval of the Settlement will be sought.

13. Provided that United States Magistrate Judge Jeffrey J. Keyes indicates preliminary approval of the Settlement, the Parties will promptly execute and file a stipulation to the jurisdiction of Magistrate Judge Keyes for purposes of settlement approval.

## DUTIES OF THE PARTIES FOLLOWING PRELIMINARY APPROVAL

14. Within 10 days following the entry by the Court of an order of preliminary approval, Class Counsel will deliver to Defendant's Counsel a copy of this Settlement Agreement which has been signed by the three Named Plaintiffs, as well as the

general release of all claims signed by each of the three Named Plaintiffs as required under paragraph 11.f. above.

15. Defendant will provide to Class Counsel, to the extent not already provided, all information reasonably necessary for Class Counsel to compute each Class Members' *pro rata* shares of the Net Settlement Fund. Defendant shall provide this information on a confidential basis.

16. **Notice to the Class Members.** A Notice, including a Claim Form, substantially in the form attached hereto either as Exhibit 1 and approved by the Court, including any modifications at the direction of the Court (the "Notice") shall be sent by Class Counsel to the Settlement Class, by first-class mail, within thirty (30) calendar days after entry of the order of preliminary approval of the Settlement.

17. Any Notice returned to Class Counsel as undeliverable shall be sent to the forwarding address affixed thereto. If no forwarding address is provided, Class Counsel shall perform a standard electronic searches including but not limited to reviewing the National Change of Address Registry to attempt to determine the most current mailing address and shall resend the Notice to that address. The Parties agree that the deadlines contained herein shall not be extended for Class Members whose Notices were returned as undeliverable and re-mailed pursuant to this paragraph.

18. Class Members will have forty-five (45) days from the date of first mailing of the Notice (the "Notice and Response Period") within which to return their Claim Forms

12

to Class Counsel. Any Claim Forms must actually be received by Class Counsel on or before the 45th day from the date of first mailing in order for the Class Member to be entitled to receive a payment.

19. Anyone who wishes to be excluded from the Settlement Class must request to be excluded in writing prior to conclusion of the Notice and Response Period. If they affirmatively request to be excluded in a timely manner, their claims will be dismissed without prejudice, and their Settlement allocations shall be distributed jointly by the Parties to Southern Minnesota Regional Legal Services ("SMRLS") as *cy pres* recipient as described below.

20. Any Class Member who receives the Notice, other than the Named Plaintiffs, may object to this Settlement, provided that such objections are made in writing and filed with the Court and served on Class Counsel no later than forty-five (45) days after Notice is mailed. In order for his or her objection to be considered, the Class Member must file a timely objection with the Court, with a copy to Class Counsel, stating his or her name and address, the title of the Lawsuit, a description of his or her objections, the reasons for the objections, a statement about whether or not the objector or his or her lawyer will appear at the Final Approval Hearing, and his or her signature.     No individual may be heard at the Final Approval Hearing who has not complied with this requirement.   Any individual who fails to comply with this requirement will be deemed to have waived any right to object and any objection to the Settlement.

13

21. None of the Parties, their counsel, or any person on their behalf, shall seek to solicit or otherwise encourage anyone to object to the Settlement, to request exclusion from the Settlement Class, or to appeal from any order of the Court that is consistent with the terms of this Settlement.

22. Upon receipt, counsel for the Parties shall promptly exchange with one another and file with the Court copies of all objections, exclusions and/or challenges to the Settlement or any part thereof.

23. **Effect of response or non-response.**

    a. Each Class Member who timely executes and returns the Claim Form shall be bound by the Rule 23 class release, the FLSA release, and the dismissal with prejudice, and shall be entitled to a distribution under this Settlement Agreement;

    b. Each Class Member who timely requests to be excluded from the Settlement Class and is excluded from the Settlement Class by the Court as provided in Fed. R. Civ. P. 23(c)(2)(B)(v) shall not be bound by the Rule 23 class release, the FLSA release, or the dismissal with prejudice, and shall not be entitled to a distribution under this Settlement Agreement. In the event that any Class Member returns a Claim Form and also timely requests to be excluded, Class Counsel will require that Class Member to elect whether to participate in the Settlement and withdraw his or her request for exclusion, or to not participate

14

in the Settlement and withdraw his or her Claim Form. In the event that the Class Member fails or refuses to so elect, his or her request for exclusion will take priority over his or her Claim Form, and he or she shall be excluded from the Settlement Class and shall not receive any funds; or

c. Each Class Member who does not timely return a Claim Form, and who also is not excluded from the Settlement Class as stated above, will be a member of the Settlement Class and will be bound by the Rule 23 class release and dismissal with prejudice, but will not be entitled to a distribution under this Agreement. Class Members who have previously consented to be parties plaintiff in this case as to the FLSA claims and collective action, and who do not return a Claim Form, also will be bound by the FLSA release and dismissal with prejudice. Class Members who have not previously consented to be parties plaintiff in this case as to the FLSA claims and collective action, and who do not return a Claim Form, will not be a member of the FLSA collective action; in the event any such person asserts any FLSA claim in the future, the preclusive effect of this Settlement and dismissal with prejudice on any such FLSA claim would be determined by the court in which such claim is brought.

24. At the conclusion of the Notice and Response Period, if more than $7,500.00 (Seven Thousand Five Hundred Dollars) of the funds allocated to the Settlement Class is left unclaimed due to non-responding Class Members or persons who are being excluded

from the Settlement Class as provided above, that amount will be reallocated on a pro-rata basis to those Settlement Class Members who timely executed and returned Claim Forms. If $7,500.00 (Seven Thousand Five Hundred Dollars) or less of the funds allocated to the Settlement Class is left unclaimed at the conclusion of the Notice and Response Period, those unclaimed funds will be distributed jointly by the Parties to SMRLS as *cy pres* recipient as described below. In the event that any Class Member submits a late Claim Form that is received at least 30 days prior to the actual distribution of funds at this stage, the Parties will use reasonable discretion to allocate unclaimed funds available at that time (including any otherwise unused portion of the Contingency Fund) so as to enable that Class Member to receive at least the $50.00 minimum Settlement payment under this Settlement.

25. Within thirty (30) days after the expiration of the Notice and Response Periodthe Parties will file jointly a motion for final approval of the Settlement. In connection with that motion, Class Counsel shall file with that motion a declaration by Class Counsel outlining Class Counsel's actions in mailing the Notice. Class Counsel shall also file with that motion lists of the names of (1) the Class Members who executed and returned Claim Forms, (2) the Class Members who requested to be excluded from the Settlement Class as provided in the Notice, and (3) the Class Members who submitted objections as provided in the Notice. Class Counsel shall also file with that motion copies of all executed and returned Claim Forms, as well as copies of any requests for exclusion and copies of any objections. Class Counsel will file at that time a separate motion for an award of attorneys' fees and reimbursement of

16

expenses/costs as provided herein. The motion for final approval will apply to the Court for an Order finally approving the Settlement as fair, adequate and reasonable, and will submit a proposed final order and judgment that does the following:

   a. Approves the Settlement, adjudging the terms thereof to be fair, reasonable and adequate, and directing consummation of its terms and provisions

   b. Approves the Enhancement Awards of not more than $500.00 to each of the Named Plaintiffs in recognition of their roles as the Named Plaintiffs;

   c. Approves Class Counsel's application for an award of attorneys' fees of not more than $116,666.67 and reimbursement of litigation expenses/costs of approximately $ 13,000.00 (Thirteen Thousand Dollars and No Cents);

   d. Excludes from the Settlement Class those persons who properly and timely have requested exclusion as provided in Fed. R. Civ. P. 23(c)(2)(B)(v), and provides the limited tolling described in paragraph 26 below; and

   e. Dismisses the Lawsuit on the merits and with prejudice and permanently bars all Class Members from prosecuting any claims released by the terms of this Settlement Agreement.

26. **Limited Tolling.** The Parties do not agree as to whether and to what extent the pendency of the Lawsuit and the putative class action claims has tolled any limitations period as to the Lawsuit's various claims. The Parties agree that in the event that any person who is excluded from the Settlement Class as provided herein

17

files a separate lawsuit asserting any of the same claims as are asserted in the Lawsuit, the question of whether and to what extent any limitations period was tolled during all or part of the pendency of the Lawsuit will be a matter to be determined by the court in which such separate action is filed. The Parties agree that in the event such a separate action is filed asserting any of the same claims as are asserted in the Lawsuit, a limited tolling period, consisting of the ten (10) days following the dismissal of the Lawsuit, shall be added to the applicable limitations period and any other period of tolling (if any) that the court in such separate action may determine is provided by law.

## COURT APPROVAL; POTENTIAL VOIDING OF THE SETTLEMENT AGREEMENT

27. This Settlement Agreement is subject to approval by the Court. A failure of the Court to approve any material condition of this Settlement Agreement which effects a fundamental change of the Settlement shall render the entire Settlement Agreement voidable and unenforceable as to all Parties herein at the option of the party adversely affected thereby. However, Plaintiffs cannot void the Settlement Agreement based on the Court's approval or non-approval of any request for attorneys' fees, expenses/costs or Enhancement Awards or based on the amount of any attorney's fees, expenses/costs or Enhancement Awards awarded. The Court's failure to approve Plaintiffs' fee requests for attorney fees, litigation expenses/costs or Enhancement Awards to the Named Plaintiffs shall not render the Settlement

18

Agreement unenforceable. In order to exercise the option to void the Settlement as provided in this paragraph, a Party must give notice, in writing, to the other Party or Parties (through their respective counsel of record) and to the Court at any time prior to the entry on the docket in the Lawsuit of the order of final approval of the Settlement by the Court.

28. If this Settlement is voided, this Settlement Agreement shall have no force or effect; all negotiations, statements and proceedings related thereto shall be without prejudice to the rights of any party, all of whom shall be restored to their respective positions in the Lawsuit prior to the Settlement; and neither this Settlement Agreement nor any ancillary documents, actions or filings shall be admissible or offered into evidence in the Lawsuit or any other action for any purpose.

29. In the event this Settlement Agreement is not finally approved by the Court, Defendant shall not be obligated to make any payments to anyone under this Settlement Agreement.

30. If a combined total of more than five percent (5%) of the Class Members request to be excluded from the Settlement Class, then Defendant shall have the option (at its sole discretion) to void this Settlement Agreement. Defendant may exercise that option only by providing written notice to Class Counsel and the Court prior to the Court's final approval of the Settlement. Upon such notice, this Settlement Agreement shall be void and of no force and effect.

19

**SETTLEMENT PAYMENTS**

31. Within ten (10) days after the Settlement Effective Date, Defendant will pay by wire transfer, to the account designated in writing by Class Counsel, the amount awarded to Class Counsel in attorney's fees and expenses/costs. Additionally, Defendant shall FedEx checks to Class Counsel, made out to the Class Members, for all of the Settlement payments and Enhancement Awards to be made under this Settlement Agreement.

32. Within thirty (30) days after the Settlement Effective Date, Class Counsel will distribute all Settlement payments and Enhancement Awards which are approved by the Court according to the procedures set forth in this Agreement.

33. No funds shall be distributed to any Class Member until after that Class Member has executed and submitted a Claim Form in the form attached hereto, containing his or her consent to be a party plaintiff in this action pursuant to 29 U.S.C. §216(b) so as to release his or her FLSA claims. Any Class Member who timely executes and submits a Claim Form in the form attached hereto, all as described herein, will be entitled to receive his or her settlement check.

34. Class Members shall have 90 calendar days after delivery of the checks to cash their Settlement checks. If any Class Members do not cash their checks within 90 days after delivery and their check is not returned, their checks will be void and a stop-payment will be placed. Any funds from checks that are not cashed will be

20

distributed to SMRLS as *cy pres* recipient as provided herein. In such event, those Class Members will be deemed to have waived irrevocably any right in or claim to a Settlement share, but the Settlement Agreement and release contained herein will nevertheless be binding upon them.

35. One hundred and sixty days after the Settlement checks are mailed, the following funds will be distributed jointly by the Parties to SMRLS as *cy pres* recipient: (1) any uncashed checks; and (2) any unused portion of the Contingency Fund; (3) any unallocated funds (but only if such unallocated funds total Seven Thousand Five Hundred Dollars ($7,500) or less, as described in Paragraph 24). This distribution to SMRLS will be sent by check with a cover letter authored jointly by counsel for the Parties. In the event that any Class Member submits a late Claim Form that is received at least 15 days prior to the actual distribution of such funds to the *cy pres* recipient, the Parties will use reasonable discretion to allocate such funds so as to enable that Class Member to receive at least the $50.00 minimum Settlement payment under this Settlement.

## RELEASE BY THE SETTLEMENT CLASS

36. Upon final approval by the Court of this Settlement, the Class Members will release their wage and hour claims and all claims brought in this litigation as provided herein. The releases will release and be for the benefit of Releasees, defined as follows: (i) Armour-Eckrich; (ii) any current or former subsidiary, parent company, affiliated entity, related entity, successor, assign, or division of Armour-Eckrich; and (iii) any

21

current or former officer, director, trustee, agent, employee, shareholder, representative, advisor, insurer, attorney, or employee benefit or welfare program or plan (including the administrators, trustee, fiduciaries, and insurers of such program or plan) of an entity referenced in or encompassed by subsection (i) or (ii) hereof. The scope of the releases is as follows:

a.  The Named Plaintiffs, the Class Members who previously have consented to become parties plaintiff in the Lawsuit and do not timely request exclusion as provided herein, and the Class Members who execute and submit Claim Forms, release and fully discharge Releasees from any and all claims, debts, penalties, liabilities, demands, obligations, guarantees, costs, expenses, attorneys' fees, damages, action or causes of action of whatever kind or nature, whether known or unknown, that were alleged or that reasonably arise out of the facts alleged in the captioned action, which means all claims for allegedly uncompensated time or unpaid wages, and including liquidated damages, interest, penalties or fines, that were asserted or could have been asserted in this lawsuit under state or federal law. This release includes all FLSA or other federal wage claims plus all claims under state minimum wage laws, state wage payment and collection laws, state overtime statutes, claims under state common law and equitable principles, and express or implied wage contract claims. This release includes any claims which are derivative of the claims being released.

22

b. Class Members who have not previously consented to be parties plaintiff and who do not execute and return Claim Forms release all such claims except claims under the FLSA, without regard to whether they accept funds under the Settlement or personally execute any Claim Form or release. The effect of the dismissal with prejudice of the Lawsuit on any future FLSA claim brought by any such person will be determined by the court in which any such FLSA claim is brought.

37. In addition, there shall be included language on the back of each check sent to all Class Members stating "I agree to all terms of the Settlement Agreement in *Knaak et al. v. Armour-Eckrich Meats LLC* and waive any right to bring suit for back wages under the Fair Labor Standards Act or any other federal, state, or local law as stated therein." The Parties acknowledge and agree that there is a good faith dispute as to whether such amounts for alleged unpaid wages are owing and that the amount paid to each Settlement Class Member represents a good faith compromise of such dispute.

## MUTUAL FULL COOPERATION

38. The Parties agree to fully cooperate with each other to accomplish the terms of this Settlement Agreement, including but not limited to, execution of such documents and to take such other action as may be reasonably necessary to implement the terms of this Settlement Agreement. The Parties to this Settlement Agreement shall use their best efforts, including all efforts contemplated by this Settlement Agreement and any

other efforts that may become necessary by order of the Court, or otherwise, to effectuate this Settlement Agreement and the terms set forth herein. As soon as practicable after execution of this Settlement Agreement, Class Counsel shall, with the assistance and cooperation of Defendant and their counsel, take all necessary steps to secure the Court's final approval of this Settlement.

**ENFORCEMENT ACTIONS**

39. This Settlement Agreement is fully enforceable in the United States District Court for the District of Minnesota. The Parties consent to the jurisdiction of that Court to enforce the Settlement.

**NOTICES**

40. Unless otherwise specifically provided herein, all notices, demands or other communications given hereunder by any party to this Settlement Agreement shall be in writing and shall be deemed to have been duly given as of the third business day after mailing by first class or certified mail, or overnight carrier, return receipt requested, addressed as follow:

To the Settlement Class:

Paul J. Lukas
David E. Schlesinger
NICHOLS KASTER, PLLP
4600 IDS Center, 80 South 8th Street
Minneapolis, MN, 55402

To the Defendant:

L. Dale Owens
JACKSON LEWIS P.C.
1155 Peachtree St., NE, Suite 1000
Atlanta, GA 30309

D. Christopher Lauderdale
JACKSON LEWIS P.C.
55 Beattie Place
One Liberty Square, Suite 800
Greenville, SC 29601

**CONSTRUCTION**

41. The Parties hereto agree that the terms and conditions of this Settlement Agreement are the result of lengthy, intensive, arm's length negotiations between the Parties. This Settlement Agreement has been drafted jointly by counsel for the Parties and shall not be construed in favor of or against any Party.

**CAPTIONS AND INTERPRETATIONS**

42. Paragraph titles or captions contained herein are inserted as a matter of convenience and for reference, and in no way define, limit, extend or describe the scope of this Settlement Agreement or any provision hereof. Each term of this Settlement Agreement is contractual and not merely a recital.

**MODIFICATION**

43. This Settlement Agreement may not be changed, altered, or modified except in writing and signed by the Parties and expressly referring to this Settlement

Agreement. This Settlement Agreement may not be discharged except by performance in accordance with its terms or by a writing signed by the Parties hereto.

## INTEGRATION CLAUSE

44. This Settlement Agreement and attachments constitutes the entire agreement between the Parties relating to the Settlement and transactions contemplated hereby, and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a Party or such Party's legal counsel, are merged herein. The Parties expressly acknowledge that they have not relied on any representations or promises not expressly contained in this Settlement Agreement. No rights hereunder may be waived except in writing.

## BINDING SCOPE; NO PRIOR ASSIGNMENTS

45. This Settlement Agreement shall be binding upon and inure to the benefit of the Parties hereto and their respective heirs, trustees, executors, administrators and successors. The Parties hereto represent, covenant, and warrant that they have not directly or indirectly, assigned, transferred, encumbered, or purported to assign, transfer or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action, or rights herein released and discharged except as set forth herein.

## CLASS COUNSEL SIGNATORIES AND PARTIES' AUTHORITY

46. It is agreed that, because the Members of the Class are so numerous, it is impossible or impractical and not required to have each Member of the Class execute this Settlement Agreement. The Notice of Class Action Settlement, Exhibit 1 hereto, will advise all Class Members of the binding nature of the release and such shall have the same force and effect as if this Settlement Agreement were executed by each Member of the Class.

47. The signatories hereby represent that they are fully authorized to enter into this Settlement Agreement and bind the Parties hereto to the terms and conditions hereof.

48. Counsel for all Parties warrant and represent that they are expressly authorized by the Parties whom they represent to negotiate and execute this Settlement Agreement and to take all appropriate action required to effectuate the terms hereof and to execute any other documents required to effectuate the terms of this Settlement Agreement.

**PUBLICITY**

49. Plaintiffs, Class Counsel, Defendant, and Defendant's Counsel agree to limit any media comments or publications to comments that the Lawsuit has been resolved to the satisfaction of the Parties, or similar language to that effect. The inclusion of this provision in the agreement is subject to the Court ruling that the provision is not contrary to public policy or otherwise legally improper. If the Court concludes this provision is improper, the provision shall be deleted from the Settlement Agreement and such deletion shall not affect the validity of the remainder of the Agreement.

### COUNTERPARTS

50. This Settlement Agreement may be executed in one or more counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Settlement Agreement, which shall be binding upon and effective as to all Parties. Signatures sent by facsimile machine or scanned signatures in Portable Document Format sent by email shall be deemed original signatures. All executed copies of this Settlement Agreement, and photocopies thereof, shall have the same force and effect and shall be legally binding and enforceable as the original.

### GOVERNING LAW

51. All terms of this Settlement Agreement shall be governed by and interpreted according to the laws of the State of Minnesota and the United States of America, where applicable.

Agreed this 13 day of June, 2014:

Dated: June 13, 2014

David E. Schlesinger
Counsel for Named Plaintiffs, Class Counsel

Dated: _____

L. Dale Owens
Counsel for Defendant

28

provision is improper, the provision shall be deleted from the Settlement Agreement and such deletion shall not affect the validity of the remainder of the Agreement.

### COUNTERPARTS

50. This Settlement Agreement may be executed in one or more counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Settlement Agreement, which shall be binding upon and effective as to all Parties. Signatures sent by facsimile machine or scanned signatures in Portable Document Format sent by email shall be deemed original signatures. All executed copies of this Settlement Agreement, and photocopies thereof, shall have the same force and effect and shall be legally binding and enforceable as the original.

### GOVERNING LAW

51. All terms of this Settlement Agreement shall be governed by and interpreted according to the laws of the State of Minnesota and the United States of America, where applicable.

Agreed this ___ day of June, 2014:

Dated: _____

Dated: _June 13, 2014_

David E. Schlesinger
Counsel for Named Plaintiffs, Class Counsel

L. Dale Owens
Counsel for Defendant

28

KNAAK V. ARMOUR-ECKRICH MEATS LLC
NOTICE OF SETTLEMENT FOR [NAME]

THIS NOTICE CONCERNS THE SETTLEMENT OF A LAWSUIT
AND EXPLAINS HOW YOU CAN RECOVER
YOUR ESTIMATED SETTLEMENT SHARE OF $‗‗‗‗

## I.  INTRODUCTION AND DESCRIPTION OF LAWSUIT

The purpose of this notice is to inform you that a settlement has been reached in a wage-and-hour collective and class action lawsuit against Armour-Eckrich Meats, LLC ("Armour"). The settlement resolves litigation over whether Armour paid all wages and overtime pay allegedly owed under state and federal law to current and former employee-plaintiffs involved in this lawsuit (entitled Knaak et al. v. Armour-Eckrich Meats, LLC, 13-CV-00829 (JRT/JJK) in the United States District Court for the District of Minnesota). The class claims in lawsuit seek recovery of allegedly unpaid wages, including overtime pay, under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq., the Minnesota FLSA and under the common law, for work performed before and/or after shifts and during unpaid breaks. Armour maintains that it paid its employees all compensation it owed to them and that it has complied with the law. Armour denies any liability or wrongdoing of any kind in connection with the claims alleged.

In June 2014, Plaintiffs' Counsel (Nichols Kaster, PLLP) and Armour reached an agreement to settle the lawsuit. Plaintiffs' Counsel believes that the settlement is fair, adequate, and reasonable for all Plaintiffs. The Settlement has been preliminarily approved by the Court. If the Settlement is finally approved by the Court, it will resolve all claims in the Case. For settlement purposes the court has certified a Class of current and former hourly employees at Armour's St. James, Minnesota facility, employed at any time during the period from April 9, 2010 to the present, who are or were paid on an hourly basis and who are or were required to wear sanitary clothing or protective gear. The Court has directed that this Notice be sent to all persons who may be entitled to money under the Settlement.

Available records show that you worked as an hourly employee required to wear sanitary clothing or protective gear during the applicable time period, and therefore are a Class Member with the opportunity to join the lawsuit if you have not yet done so and to be included in the settlement. This Notice provides you with information about the settlement and instructions for participating and recovering your share. This Notice also provides you with information about how to exclude yourself from the Class if you choose to do so. It also tells you how to object to the settlement if you choose to do so. The decision to participate or not participate in this settlement has legal consequences, so please review this notice carefully.

## II.  HOW TO CLAIM YOUR SHARE OF THE SETTLEMENT PAYMENT

The Settlement provides for each Class Member who timely submits a Claim Form to receive a share of an agreed settlement payment. Your available share of the settlement payment will be based on a number of factors, which may include: (1) your dates of employment with Armour in an eligible job since April 9, 2010; (2) an analysis showing the amount of time you spent at the Armour facility in St. James before your shift started; (3) whether you opted into the case during the FLSA notice stage; and (4) whether other eligible persons claim their shares of the settlement. At this stage, Plaintiffs' Counsel estimate that your share of the settlement will be at least approximately $_____.

**TO JOIN THE CASE, IF YOU HAVE NOT YET, AND OBTAIN YOUR SHARE OF THE SETTLEMENT, PLEASE COMPLETE THE ENCLOSED CLAIM FORM AND SEND IT BY MAIL, FAX OR E-MAIL SO IT IS RECEIVED BY PLAINTIFFS' COUNSEL BY 5:00 P.M. CENTRAL ON [  ] A postage-paid envelope is provided with this notice for your convenience. A fax number and e-mail address is shown below. If the enclosed Claim Form is not received by the Plaintiffs' Counsel before the deadline, your share of the settlement will either be reallocated to those**

EXHIBIT
1

NAME

people who accept the settlement or donated to charity, and your claims will be dismissed with prejudice unless you submit a timely request to be excluded as described below.

The gross amount of the settlement payment available to you will represent 50% unpaid wages and 50% non-wage payment. You will receive an IRS Form W-2 for the unpaid-wages portion of the payment. Standard tax withholdings for wage payments will be deducted from this amount. The non-wages portion will constitute payment for alleged liquidated damages, interest, and penalties and will be reported on an IRS Form 1099. **Each person's tax circumstances vary, and Plaintiffs' Counsel cannot advise you on your tax issues. You should consult a tax preparer if you have any tax-related questions.**

You will have 90 days to cash your settlement check, measured from the date on the check. After that date the check will be void. If your check is not timely cashed, your settlement amount will be donated to charity.

### III.     YOUR RIGHTS TO HAVE ANOTHER ATTORNEY, TO EXCLUDE YOURSELF, OR TO OBJECT TO THE SETTLEMENT.

You have the right to enter an appearance in the case through your own attorney if you so desire.

You also have the right to be excluded from the class and the settlement. **If you choose to exclude yourself from the settlement, you must file a request for exclusion with the Court at the United States District Court for the District of Minnesota, 300 South Fourth Street, 202 U.S. Courthouse, Minneapolis, MN 55415, and mail a copy to Plaintiffs' Counsel at the address shown below, no later than 5:00 P.M. CENTRAL TIME ON** If you choose to exclude yourself from the settlement, you will receive no settlement payment, your share of the settlement will either be reallocated to those people who that accept the settlement or donated to charity, and your claims will be dismissed without prejudice. The parties do not agree as to whether and to what extent the existence of this lawsuit has tolled any limitations period as to the various claims, and if you choose to file a separate lawsuit that question will be determined by the court in that lawsuit. The settlement provides if you file a separate lawsuit asserting any of the same claims as are asserted in this action, a limited tolling period, consisting of the ten (10) days following the dismissal of this lawsuit, shall be added to the applicable limitations period and any other period of tolling (if any) that the court in such separate lawsuit may determine is provided by law.

If you do not exclude yourself from the settlement, you will be bound by the settlement agreement and the class judgment as specified in the settlement agreement.

You also have the right to object to the settlement. **If you wish to object to the settlement, you must do in writing and you must file your objection with the Court at the United States District Court for the District of Minnesota, 300 South Fourth Street, 202 U.S. Courthouse, Minneapolis, MN 55415, and mail a copy to Plaintiffs' Counsel at the address shown below, no later than 5:00 P.M. CENTRAL TIME ON** ----. To be considered, any objection must be submitted on time to the Court, Defendant's Counsel and Plaintiffs' Counsel, and it must state your name, address and telephone number, the title and number of the case as shown above, a description of the objections, the reasons for the objections, a statement about whether or not you or your lawyer will appear at the Final Approval hearing, and must include your signature or the signature of your lawyer. No individual may be heard at the final fairness hearing who has not complied with these requirements. Any individual who fails to comply with these requirements will be deemed to have waived any right to object and any objection to the settlement.

### IV.     ATTORNEYS' FEES AND COSTS, ENHANCEMENT AWARDS TO THREE NAMED PLAINTIFFS.

NAME

Plaintiffs' Counsel will ask the Court to award attorneys' fees in the amount of $116,666.67, which is 33.3% of all funds available to be paid to Plaintiffs and Class Members, as well as the costs they have paid out of pocket to litigate the case. Such fees and costs payments are specified in the fee agreement between the Plaintiffs and Plaintiffs' Counsel. Plaintiffs' Counsel also will ask the Court to authorize an enhancement award of $500 for each of the three Named Plaintiffs. **For purposes of calculating your estimated settlement payment listed above, these proposed amounts have already been deducted from the gross settlement amount. No additional deductions from your share of the settlement will be made to cover attorneys' fees or costs or enhancement awards to the Named Plaintiffs.**

## V.   SCOPE OF RELEASE AND CLASS JUDGMENT

The decision to release your claims and participate in this settlement, or not release your claims and not participate in the settlement has legal consequences, so **please read the full release contained in the attached Claim Form carefully. The release sets forth the scope of the claims that are being settled and released. Upon final approval of the Court, the Court will enter a class judgment dismissing with prejudice all of the claims included in the release, and that judgment will be binding as to all such claims of Class Members who have not excluded themselves as described above.**

## VI.   ARMOUR APPROVAL; NO RETALIATION OR DISCRIMINATION

Armour agrees to and approves this settlement, intends for eligible employees to receive their shares, and will not take any adverse action against any individual for participating in the settlement.

## VII.   FINAL COURT APPROVAL OF THE SETTLEMENT

Immediately following the 45-day response period described above, the Parties will file with the Court a Motion for Final Approval and a Stipulation of Dismissal, as outlined above. . The Court will hold a Final Approval Hearing on the Settlement on _____, 2014 at _____ o'clock in Courtroom 6A in the United States District Court for the District of Minnesota, 316 North Robert Street, 100 Federal Building, St. Paul, Minnesota 55101. At the hearing, the Court will determine if the Settlement is fair and reasonable and whether the Settlement should be finally approved. The principal terms of the Settlement are summarized in this Notice. You are not required to attend the Final Approval Hearing, although you may do so. If you are satisfied with the Settlement, there is no need for you to appear.

If the Court approves the settlement, Armour will deliver the settlement checks to Plaintiffs' Counsel no later than 10 days after the later of: (1) the date when the time for appeal of the Court's final approval of this Settlement Agreement has expired; or (2) the date of the final resolution of any appeal or other judicial review of the Settlement if an appeal has been filed and not dismissed. Plaintiffs' Counsel will then mail you your check.

## VIII.   QUESTIONS ABOUT THE SETTLEMENT

This Notice is only a summary of the Case and the Settlement. For a more detailed statement of the Case or Settlement, you may refer to the pleadings, the Settlement Agreement, and the other papers filed in the Case, which may be inspected at the Office of the Clerk of the United States District Court for the District of Minnesota, 300 South Fourth Street, 202 U.S. Courthouse, Minneapolis, MN 55415, during regular business hours of each court day. You also may obtain copies of this Notice and/or the Settlement Agreement or further information regarding the Settlement from Class Counsel. Questions about the settlement should be directed to Plaintiffs' Counsel: Nichols Kaster, PLLP, David E. Schlesinger, 4600 IDS Center, 80 South 8th Street, Minneapolis, MN 55402; Toll Free Telephone: (877) 448-0492; Fax: (612) 338-4878; Email: schlesinger@nka.com

NAME

   PLEASE DO NOT CONTACT THE COURT, THE JUDGE, DEFENDANT, OR
DEFENDANT'S    ATTORNEYS    WITH    ANY    INQUIRIES    REGARDING    THIS
SETTLEMENT.

4

NAME

## CLAIM FORM, INCLUDING CONSENT TO JOIN SETTLEMENT AND RELEASE OF CLAIMS

In order to join this case if I have not yet joined it, and to settle as fully as possible all known and unknown claims for alleged unpaid wages I might have against Armour and all related parties, I, NAME, agree as follows:

### (a)     Special Payment and Benefits:

Upon entry of the Court's order dismissing my claims, Armour will pay me my share of the settlement, an amount to which I am not otherwise entitled. I understand that the check will be sent to me directly by Nichols Kaster, PLLP. One-half of the payment represents settlement of my claims for wages, and will be subject to applicable federal, state and local tax withholdings. Armour will issue IRS Form W-2 to me reflecting this payment. The other half of the payment represents settlement of my remaining claims for liquidated damages. Armour will issue IRS Form 1099-MISC to me reflecting this payment. The payment made to me under this Settlement Agreement will not be taken into account in determining my rights or benefits under any other program.

### (b)     Consent to Join and Release:

I release and fully discharge (i) Armour-Eckrich; (ii) any current or former subsidiary, parent company, affiliated entity, related entity, successor, assign, or division of Armour-Eckrich; and (iii) any current or former officer, director, trustee, agent, employee, shareholder, representative, advisor, insurer, attorney, or employee benefit or welfare program or plan (including the administrators, trustee, fiduciaries, and insurers of such program or plan) from any and all claims, debts, penalties, liabilities, demands, obligations, guarantees, costs, expenses, attorneys' fees, damages, action or causes of action of whatever kind or nature, whether known or unknown, that were alleged or that reasonably arise out of the facts alleged in the captioned action, which means all claims for allegedly uncompensated wages, and including liquidated damages, interest, penalties or fines, that were asserted or could have been asserted in this lawsuit under state or federal law. This release includes all claims under the Fair Labor Standards Act ("FLSA"), and I hereby consent to be a party to this lawsuit for purposes of the FLSA. This release also includes all other federal wage claims plus all claims under state minimum wage laws, state wage payment and collection laws, state overtime statutes, under state common law and equitable principles, and pursuant to express or implied wage contract claims. This release includes any claims which are derivative of the claims being released.

### (c)     Representations and Promises: I acknowledge and agree that:

I was employed by and worked for Armour as an hourly employee required to wear sanitary clothing or protective gear.

This Release is the entire agreement relating to and any claims within the scope of the Release set forth in (b), that I might have with respect to Armour. This Release may be amended only by a written agreement that Armour and I sign. This Release is a legally admissible, enforceable agreement governed by Federal and Minnesota state law.

When I decided to sign this Release, I was not relying on any representations that were not in this Release.

This Release is not an admission of wrongdoing by Armour or any other Released Party.

I am intentionally releasing all claims within the scope of the Release set forth in (b), whether known or unknown to me, and that, with hindsight, I might regret having released. I have not assigned or given

5

NAME

away any of the claims I am releasing.

If Armour or I successfully assert that any provision in this Release is void, the rest of the Release shall remain valid and enforceable.

I have been represented by counsel in negotiating this Release. I have carefully read this Release, I fully understand what it means, I am entering into it knowingly and voluntarily, and all my representations in it are true. I waive any right to have the 45-day consideration period restarted or extended by any subsequent changes to this Release. Armour would not have given me the special payments or benefits I am getting in exchange for this Release but for the representations and promises I am making by signing it.

I agree to the dismissal with prejudice of the lawsuit captioned <u>Knaak et al. v. Armour-Eckrich Meats, LLC,</u> 13-CV-00829 (JRT/JJK) in the United States District Court for the District of Minnesota.

> **YOU MAY NOT MAKE ANY CHANGES TO THE TERMS OF THIS FORM. BEFORE SIGNING THIS RELEASE, READ IT CAREFULLY AND, IF YOU CHOOSE, DISCUSS IT WITH YOUR ATTORNEY. BY SIGNING IT YOU WILL BE WAIVING YOUR KNOWN AND UNKNOWN CLAIMS. A COMPLETED COPY OF THIS FORM SHOULD BE RECEIVED BY PLAINTIFFS' COUNSEL AT THE ADDRESS BELOW BY 5:00 P.M. CENTRAL ON [DATE].**

Date: _____     Signature: _____
                              NAME

The last four digits of my Social Security Number are _____.

My name and contact information are as follows (please make any changes necessary):

NAME
ADDRESS

**PLEASE PROVIDE THE FOLLOWING INFORMATION SO THAT WE CAN CONTACT YOU REGARDING THE SETTLEMENT:**

Best Phone Number(s): _____

E-mail Address: _____

**Mail, Fax or E-mail Pages 5 and 6 To:**

Nichols Kaster, PLLP
David E. Schlesinger
4600 IDS Center, 80 South 8th Street
Minneapolis, MN 55402
Fax: (612) 338-4878
Email: schlesinger@nka.com

6